## MORAN et al. v. WATERS.
## No. 4114.

Court of Civil Appeals, of Texas. El Paso.

July 10, 1941.

Hirsch, Susman & Westheimer, of Houston, for appellants.

Margaret Waters, of Austin, for appellee.

WALTHALL, Justice.

This appeal is from an · order of the Judge of the District Court of San Patricio County, Texas, overruling pleas of privilege of defendants W. T. Moran, I. Mark Westheimer and Rantex Oil Company, a private corporation incorporated and existing under the laws of the State of Texas with its principal office and place of business in the City of Corpus Christi, in the County of Nueces, State of Texas. Plaintiff's petition recites that W. T. Moran is the vice president of the Rantex Oil Corporation and resides in Houston, Harris County, Texas; that plaintiff, Margaret Waters, is an attorney at law, duly licensed thereunto.

The record stipulated that the land described and involved in the suit is located in San Patricio County, Texas, and that the residence and place of domicile of defendants W. T. Moran and I. Mark Westheimer is in Harris County, Texas.

The foregoing statement of facts comprises all of the evidence introduced on the . hearing of the pleas of privilege and the controverting affidavit thereto, and certified thereto by the official court reporter, the transcript of the evidence examined by the trial court and found correct and ordered filed.

Evidently the ruling of the trial court in overruling the pleas of privilege was predicated upon subsection 14 of Article 1995 of the Revised Civil Statutes of Texas, which subdivision reads as follows: "Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in. which the land, or a part thereof, may lie," in the belief that the instant suit is one for the recovery of lands. The plaintiff's petition is too lengthy to copy in the opinion, but the suit has for its primary object the fixing of a contract trust in the land involved by judgment, for title thereto and for an accounting for damages to said land since it is shown that said trust arose and is governed by such ·subdivision 14 of Article 1995 of the statutes. The prayer is that plaintiff have judgment against the Rantex Oil Company.

The suit is one, we think, that can be tried only in the county in which the land lies.

The court was not in error in overruling the pleas of privilege.

The case is affirmed, and it is so ordered.