## MECOM v. GALLAGHER et al.

### No. 2664.

Court of Civil Appeals of Texas. Tenth District. Waco.

Jan. 31, 1946.

Rehearing Denied March 7, 1946.

Neel, King & Rachal, F. J. Flores, and Nat B. King, all of Laredo, and C. M. Gaines, of San Antonio, for appellant.

W. R. Blackshear and Gordon Gibson, both of Laredo, for appellees.

HALE, Justice.

This is an appeal from an order sustaining two pleas of privilege. The suit out of which the venue proceedings arose was instituted on May 29, 1945 by appellant against appellees, D. O. Gallagher and Maurice Alexander, in Zapata County. It involved 4,563 acres of land alleged to be situated in that county. Each appellee duly filed his plea in proper form asserting his privilege to be sued in the county of his residence. Appellant seasonably filed and presented his controverting affidavit to both pleas wherein he asserted under oath that the allegations in his original petition were true, making such petition in its entirety a part thereof, and alleged that the suit is for the recovery of lands and to quiet the title to lands within the meaning of Exception 14, Art. 1995 of Vernon's Tex.Civ. Stats. Upon a hearing of the issues thus joined appellant introduced in evidence his original petition and his controverting affidavit. It was agreed that the land described in the petition was situated in Zapata County and that each appellee resided in Webb County. Thereupon, the court entered an order sustaining each plea of privilege and transferring the cause to Webb County for trial on its merits.

Appellant says the judgment should be reversed and here rendered because his suit is an action for the recovery of lands and to quiet the title thereto within the purview and meaning of Exception 14 of the venue statute. On the other hand, appellees say the judgment should be affirmed because the suit against them is an action

for the specific performance of a contract to convey lands and hence does not come within the meaning of the alleged exception.

■ If appellant's petition, when properly construed, only evidences an action for the specific performance of a contract to convey lands, as distinguished from an action for the recovery of lands or to quiet title thereto, then his suit would not come within the meaning of Subd. 14, Art. 1995 of Vernon's Tex.Civ.Stats. Hearst v. Kuykendall, 16 Tex. 327; Miller v. Rusk, 17 Tex. 170, Caven v. Hill, 83 Tex. 73, 18 S. W. 323; Texas Farm Mortg. Co. v. Starkey, Tex.Civ.App. 25 S.W.2d 229.

■ Contrarily, if the dominant purpose of the suit, as evidenced by the petition, is to recover the lands in controversy and to quiet the title thereto, then venue for a trial of the cause on its merits was and is properly laid in Zapata County. Pena v. Sling, 135 Tex. 200, 140 S.W.2d 441, 128 A.L.R. 1223; Wood v. Tandy, Tex.Civ. App., 299 S.W. 282; Elder v. Miller, Tex. Civ.App., 116 S.W.2d 1171; Humble Oil & Ref. Co. v. Monroe, Tex.Civ.App., 129 S.W.2d 454.

■ In order to determine the nature of the suit it is necessary to ascertain from the petition the extent and character of recovery, if any, to which appellant may be lawfully entitled under his allegations of fact and prayer for relief.

■ Appellant alleged in his petition that on the 14th day of November, 1940 he entered into a written contract with fourteen persons known as the Gutierrez heirs (hereafter referred to as owners) whereby the owners leased to him the 4,563 acres of land in Zapata County. He also alleged that the written contract was filed for record on November 26, 1940 in the office of the County Clerk of Zapata County and was duly recorded in Vol. 45, p. 286 of the Zapata County deed records. He attached a copy of the contract to his petition as an exhibit and made the same a part thereof for all purposes. The contract provided that the owners, for a cash consideration of $4,000 to them paid, thereby leased the land therein described to appellant as tenant for a period of five years. Paragraph 7 of the contract reads as follows: "Should the undersigned Owners, or any of the undersigned Owners, decide to sell said leased premises, or a por-

tion thereof, or their interests in said premises, they agree to give tenant written notice of their desire to sell, which notice shall state consideration and terms upon which they are willing to sell, and name of purchaser, and the tenant herein shall have the preference right to purchase such land or interest therein for the consideration and upon the terms at which undersigned Owners may be willing to sell to a third person or persons. However, Tenant must within thirty days advise such Owner or Owners of his willingness to purchase, subject to title, and such purchase must be consummated without any unreasonable delay on the part of said Tenant."

Appellant further alleged that on July 3, 1944 the owners conveyed the land in controversy to appellee Gallagher by deed duly recorded in the deed records of Zapata County for a recited consideration of $23,139.05 cash; that no notice of the proposed sale to Gallagher was given to him by the owners as required by the contract; that he was ready, able and willing to comply with any obligation resting upon him under the contract insofar as the sale of the land was concerned and had he been notified of the proposal of the owners to sell the property for the consideration and upon the terms upon which it was sold to appellees he would have exercised his preference right to purchase the same; that the purchase of the premises was made by appellees with full knowledge of his preference right to purchase the same and their acceptance of the deed to said property without regard to his preference right had damaged him in the sum of $25,000; that appellee, Alexander, was claiming some right, title or interest in and to the land in controversy; and after the owners had conveyed the property to appellee Gallagher, appellant tendered to appellees the consideration paid by them to the owners for said land and requested appellees to convey the land to him, but appellees refused to do so.

In the alternative, and only in the event he should not be entitled to recover the property therein described, appellant alleged further facts as a basis for the recovery of additional damages which we deem to be immaterial to this proceedings. He prayed that "he have judgment for title and possession of the premises above described upon payment of the consideration paid therefor by defendants, which sum he now tenders into court, etc."

After due consideration of the petition in its entirety, including the contract thereto attached, we have concluded that the cause of action thereby asserted does not constitute a suit against appellees for a literal or specific performance of the contract declared upon. Under the material facts therein alleged appellant doubtless could have sued the owners for specific performance and in order to obtain adequate relief he could have joined appellees in such suit for the purpose of having the conveyance to them canceled. Stone v. Tigner, Tex.Civ.App., 165 S.W.2d 124 (err. ref.) However, regardless of the venue of such a suit, we do not think that was the only remedy available to appellant for a complete redress of his grievances. In our opinion, it was not necessary that he sue for specific performance or that he join the owners in such suit because, as pointed out by the court in the last case supra, his option was not merely a collateral or personal contract between the parties thereto, but it evidenced a duly recorded right on the part of appellant which ran with the land. Consequently, if he exercised his option in accordance with the terms of the contract and tendered into the registry of the court the amount of the purchase price which appellees had paid to the owners, then it is quite clear to us that he thereby acquired an absolute, vested, equitable interest in and to the lands described in his petition and such interest so acquired was and is prior in right and superior in equity to any right, title or interest acquired or held by appellees. 21 C.J. p. 201, Sec. 194, 30 C.J.S., Equity, § 106; 50 A.L.R. 1315; Hendrix v. Nunn, 46 Tex. 141; Schneider v. Sellers, 98 Tex. 380, 84 S.W. 417; Van Orden v. Pitts, Tex. Com.App., 206 S.W. 830; Alworth v. Ellison, Tex.Civ.App., 27 S.W.2d 639, pts. 2–3 and authorities.

Under the facts and circumstances set forth in his petition and the law applicable thereto we see no valid reason why appellant could not properly sue appellees directly, as he did do, for the title and possession of the land in controversy. If at a trial on the merits he makes proper proof of his allegations he will thereupon become entitled, prima facie, to recover the lands sued for without the necessity for any deed of conveyance to him. Accordingly, we hold that his petition unmistakably evidences a suit for the recovery of lands and to quiet title thereto and as such it comes strictly within the mandatory provisions of Subd. 14, Art. 1995, Vernon's Tex.Civ.Stats. Carstairs v. Bomar, 119 Tex. 364, 29 S.W.2d 334; Robinson v. O'Keefe, Tex.Civ.App., 107 S.W. 2d 419; Elder v. Miller, Tex.Civ.App., 116 S.W.2d 1171; Moran v. Waters, Tex.Civ. App., 153 S.W.2d 675.

Therefore, the judgment of the trial court is reversed and judgment is here rendered overruling the plea of privilege of each appellee.