**TEXAN DEVELOPMENT CO. et al. v. HODGES, et ux.**

**No. 6123.**

Court of Civil Appeals of Texas. Amarillo.

Feb. 5, 1951.

Rehearing Denied March 12, 1951.

Hill, Lochridge & King, Mission, and Crenshaw, Dupree & Milam, Lubbock, for appellants.

Klett, Bean, Evans & Justice, Lubbock, for appellees.

PITTS, Chief Justice.

This is a venue suit in which appellees, J. A. Hodges and wife Helen Hodges, filed suit in Lubbock County against appellants, Texan Development Company, a corporation, and Texan Care Company, a corporation, alleging several counts, including trespass to try title and damages, to remove cloud and quiet title, for cancellation of a purported executory contract obtained through fraud and for the cancellation of a purported contract contingent upon the other counts alleged. Each appellant filed its plea of privilege to be sued in Hidalgo County, where they each reside and have a principal office for transacting business. Appellee seasonably filed and presented their verified controverting plea to both pleas of privilege wherein they asserted that the allegations in their amended original petition were true, making such petition a part thereof, and alleged that the suit is for the recovery of lands that lie wholly in Lubbock County, to remove encumbrances upon the title of their said land by reason of adverse claims thereto asserted by appellants and to quiet the title in and to their said land, all within the meaning of Section 14, Article 1995, Vernon's Annotated Texas Civil Statutes. Upon a hearing of the venue issues alone thus joined before the trial court without a jury, appellees, in order to prove the nature of their suit, introduced in evidence their original petition, their amended original petition and their controverting affidavit. It was agreed between the parties that the land described in appellees' pleadings was situated in Lubbock County; that the letters constituting the purported executory contract had not been recorded in Lubbock County and that the defendants had not been in actual occupancy or actual possession of the land in question. As a result of the hearing the

trial court overruled each plea of privilege and appellants have perfected their appeals contending that such action was error.

Section 14 of Article 1995 provides that: "Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

■ Appellees pleaded in their controverting affidavit for recovery of land and damages thereto, to remove encumbrances upon their land by reason of appellants' adverse claims, and to quiet the title to their land. Under the provisions of Section 14 of Article 1995, a suit predicated in good faith upon either one or more of the aforesaid alleged grounds for recovery pleaded by appellees must be filed and heard in the county where the land is situated. The question of good faith can be raised only by a pleading of the adverse party alleging fraud or bad faith and offering evidence to support the issue. In that event, the parties are bound by a finding of the trial court to the effect that plaintiffs' allegations were made in good faith unless it is clearly shown that the trial court abused its discretion in so finding. Cowden v. Cowden, 143 Tex. 466; 186 S.W.2d 69; 43 Tex. Jur. 862, Paragraph 119, and other authorities there cited.

■ In the case at bar both appellants are represented by the same counsel who concedes that usually it is necessary to establish only two venue facts in support of Section 14 of Article 1995 when its provisions have been pleaded to establish venue, and those facts are: (1) the character of the suit, which is usually determined by the allegations of plaintiffs' petition, and (2) the location of the land involved. Appellants' counsel further concedes that the correctness of his admissions cannot be doubted because they are sustained by ample authorities. We agree with his admissions made and cite a recent case in support thereof. Ross v. Martin, Tex.Civ.App., 225 S.W.2d 220. It appears that appellees herein met the two necessary venue fact issues, which appellants' counsel admits are usually sufficient in such cases, when they established by satisfactory proof the character or nature of their suit and the parties agreed that the land in question was situated in Lubbock County. Mecom v. Gallagher, Tex.Civ.App., 192 S.W.2d 804.

In spite of the admissions made by appellants' counsel, he charges, at least, indirectly in his brief that appellees did not in good faith plead the venue facts alleged by them but he has failed to either plead or establish such by proof. He did plead that appellees' allegations in trespass to try title and for removal of cloud upon title were made without probable cause or any cause but it must be presumed that the trial court found against him in these matters if he urged them in that court.

■ Appellants' counsel likewise charges that appellees' suit is one to cancel an unrecorded executory contract for the sale of land and for that reason venue will not lie in Lubbock County. If appellees' petition, when properly construed, only evidences an action for the cancellation of a sales contract, as distinguished from an action for the recovery of land or to quiet title or to remove encumbrances upon land, then appellants' counsel would be correct and appellees' suit would not come within the meaning of Section 14, Article 1995. But, when the contrary is evidenced by appellees' petition, and it appears that it is not a suit merely to cancel but that the other grounds for recovery heretofore mentioned are pleaded in good faith and combined with a suit to cancel, then, in that event, venue for a trial of the cause on the merits is properly laid in the county where the land is situated. Mecom v. Gallagher, supra, and other authorities there cited. In that suit it was claimed that it was one for specific performance of a contract, while cancellation of a contract is the claim made here, but the rule

is the same. It may also be observed that an alleged cause of action may contain several separate counts, that they may be inconsistent with each other but that the allegations of one count should not be used to impeach or contradict the allegations of another count. It may be further observed that a suit in trespass to try title or to remove encumbrances, or remove cloud or quiet title may be maintained even though the adversary is not actually occupying or in possession of the land involved.

Appellees pleaded ownership of the land in question and that appellants are claiming that appellees obligated themselves by a contract in writing with appellant, Texan Development Company, as reflected by certain letters, to convey to the said appellant the land in question. Appellees further pleaded that they did not enter into any binding or enforceable contract to convey said land to the said appellant and further pleaded that such a purported contract as claimed by appellants to exist is based upon letters and is without consideration, lacking in mutuality and is not binding upon appellees under the Statute of Frauds, Vernon's Ann.Civ.St. art. 3995; that nevertheless appellants contend that such is a binding and enforceable contract obligating appellees to convey the land in question to the said appellant; and that such an adverse claim asserted by the said appellant against appellees as to the said land creates a cloud upon appellees' title to the said land, which cloud they seek to have removed and their title quieted, in the event they are not entitled to recover in their first count in trespass to try title. Under the provisions of Section 14, Article 1995, a suit to quiet title to land must be brought in the county where the land is located, which is Lubbock County in the case at bar.

It was stipulated by the parties that neither of the appellants had been in actual occupancy or actual possession of the land in question, but such does not appear to be material under the facts and circumstances. Appellants seem to attach some significance to the fact that it was stipulated by the parties that the letters purporting to constitute the contract of sale had not been recorded in the office of the County Clerk of Lubbock County. However, it may be safely presumed from the record, that such could have since been so recorded at the will of appellant, Texan Development Company, in which event such would then probably cloud appellees' title as was held by this court in a somewhat similar case of Farmers Mut. Royalty Syndicate v. Isaacks, Tex. Civ.App., 138 S.W.2d 228.

But, be that as it may; 78 A.L.R. 30, says: "There appears to be no case in which it is held that an instrument falls short of creating a cloud because it is unrecorded, or that a cloud is created by the mere recording of an otherwise innocuous instrument."

78 A.L.R. 31 made a further pertinent statement with reference to creating a cloud on title by recording a "letterpress copy", which statement is as follows: "Placing a mere private and unauthenticated copy on record, and thus making a record which, so far as anyone examining it could discern, was a transcript of the original, was a tortious clouding of the title, and was an act for which a court of equity should afford a proper remedy, whether the original contract still remained in force or not." In the same volume and on the same page we likewise find the following statement: "The courts have stated repeatedly that equity has jurisdiction to prevent a cloud, as well as to remove one already created, and will prevent the creation of one which it would remove."

As previously stated, appellees have pleaded that title to the land in question is vested in them with the right of an adverse claim being made by appellants. It was held by the court in a similar case of Neely v. Neely, Tex.Civ. App., 52 S.W.2d 927, that such allegations are sufficient to constitute a cause of action and ample authorities are there cited to support the court's holding. In the case of Temple Trust Co. v. Logan,

Tex.Civ.App., 82 S.W.2d 1017, 1019, a pretentious adverse claim constituted a cloud upon appellee's title, and this court in passing on the matter, said: "Of a suit to quiet title, it has been said: 'The object of the suit is not to divest the defendants of rights. It is for the purpose of quieting the plaintiff's title, and presupposes its validity, but that he is disquieted and his title disturbed by the alleged unconscientious claims and pretensions of the defendants. His purpose is to have those claims judicially declared to be unfounded. Had the defendants disclaimed any title to the property, or any such pretensions as are ascribed to them, the plaintiff would have had no cause of action, and the petition should have been dismissed.' Howards [Howard] v. Davis, 6 Tex. 174, page 184."

█ So it is in the case at bar, if appellants had disclaimed any interest, right or title to the land in question in answer to appellees' pleadings, they would have no cause of action. But appellant, Texan Development Company, joins issues with appellees by pleading in connection with its plea of privilege its contractual right of interest in the land in question as pleaded by appellees.

In a recent similar case of Lee v. Grupe, Tex.Civ.App., 223 S.W.2d 548, 551, the court held: "Furthermore, under the alternative pleading of appellant that the claim of the appellee cast a cloud upon his title, the point is raised that the appellant is not required to establish an incontestable chain of title from the sovereignty of the soil or from a common source where the pleadings and the proof show that the plaintiff owns a tract of land and that the defendant is asserting some right, title, interest or claim thereto. We sustain that contention." In the case at bar, appellants have not yet, in so far as the record reflects, questioned appellees' chain of title, but they are asserting a contractual right of interest in the land.

The courts of Texas have also held that an adverse claim to personalty, even though such claim is oral and not made in writing and even though it may be

void, constitutes a cloud that a court of equity will consider and cancel upon a proper showing to justify such action. Dittmar v. Alamo Nat. Co., Tex.Civ.App., 91 S.W.2d 781, affirmed 132 Tex. 44, 118 S.W.2d 298.

Under the record and the authorities cited, it is our opinion that where appellants' adverse claim causes the title to appellees' land to be disturbed or threatened, the court of Lubbock County where the land in question is located has venue, in any event, to hear, at least, appellees' suit to remove cloud or to quiet title to the said land. The point of appellant, Texan Development Company, to the contrary is therefore overruled.

█ Appellees contend that appellant, Texan Care Company, is a necessary party to this suit because the said appellant is interested in the subject matter being litigated between appellees and appellant, Texan Development Company, and its rights will be affected by the judgment of the court rendered as between appellees and Texan Development Company. Concerning this appellant, appellees pleaded, in effect, that both appellants, by fraudulent representations and simultaneously with the procurement of the purported sales contract, obtained a purported contract between appellees and appellant, Texan Care Company, to employ the latter to look after certain land for appellees only in the event the purported sales contract in question was consummated; that a judgment of the court removing the cloud from appellees' title or quieting their title would have the effect of cancelling both contracts; that the District Court of Lubbock County has venue to hear the suit concerning the principal issues pleaded and that appellant, Texan Care Company, is a necessary party to the said suit because of its direct and contingent interest therein. In their suit to remove cloud and quiet title to their land, as well as for the other grounds alleged, appellees were required to sue, as necessary parties, all of those whose rights may be necessarily affected thereby or may be dependent thereon. This court so held in the case of Belt v. Texas Co., Tex.Civ.

App., 175 S.W.2d 622, writ refused, and other courts have so held. Such is the rule not only because of the interest of the parties but also to avoid a multiplicity of suits. Because of the interest of appellant, Texan Care Company, in the principal subject matter being litigated, it is a necessary party to the suit in question and we have already concluded that Lubbock County has venue to try the said suit. This appellant's point to the contrary is therefore overruled.

A careful examination of the record and assignments of error reveals no reversible error. The judgment of the trial court is therefore affirmed.