C. T. HAMMONDS et ux., Appellants,

v.

Mrs. Jim HAMMONDS et al., Appellees.

No. 6455.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 20, 1954.

Rehearing Denied Jan. 17, 1955.

Wagstaff, Harwell, Alvis & Pope, Abilene, for appellants.

Storey, Storey & Donaghey, Vernon, for appellees.

PITTS, Chief Justice.

This is a venue action that arose out of a statutory suit for partition of 16 tracts of land constituting a total of 2,792 acres located in the four Texas Counties of Foard, Haskell, Floyd and Yoakum. The original suit was filed by Mrs. Jim Hammonds, a widow, Fred Hammonds and Gus Hammonds, all residents of Foard County, against C. T. Hammonds and wife, Mrs. C. T. Hammonds, residents of Floyd County, and L. H. Hammonds, a resident of Foard County, alleging joint ownership of the described land showing six tracts located in Foard County, two tracts located in Haskell County, seven tracts located in Floyd County and one tract located in Yoakum County.

Appellants, C. T. Hammonds and wife, filed a plea of privilege seeking to have the case transferred to Floyd County where they reside. They further allege that the original suit was "brought in the guise of a suit for partition in an attempt to hold venue" in Foard County "when the real nature of the suit is one for recovery of an interest in land," the venue of which should be controlled by the provisions of Subdivi-

sion 14 of Article 1995, Vernon's Ann.Civ. St., known as the Venue Statute. Appellees, Mrs. Jim Hammonds, Fred Hammonds and Gus Hammonds, filed a controverting affidavit, making a part thereof for all purposes their original petition, then denying appellants' bad faith allegation made against them and alleging again a statutory partition suit of the described land, a part of which is located in Foard County, and that one of the named defendants resides in Foard County for which reasons the said county has venue under the provisions of Subdivisions 13 and 4 of Article 1995.

The case was tried to the court without a jury and appellants' plea of privilege was overruled from which an appeal has been perfected. Appellants predicate their appeal upon a charge that this is a suit for recovery of land and that appellees sought to have a trust imposed upon the land and to have the title thereof declared in them.

In order to determine the nature of the suit for venue purposes, we must look to the plaintiffs' petition for the character of recovery sought and particularly to the prayer in the pleading. Mecom v. Gallagher, Tex.Civ.App., 192 S.W.2d 804; Ross v. Martin, Tex.Civ.App., 225 S.W.2d 220. In the case of Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69, 71, the court said, in part:

"What a plaintiff must allege and prove in order to maintain his suit in a county other than that of defendant's domicile, over the latter's proper protest, has been denominated 'venue facts' and defined as 'those which are stated in the particular exception of article 1995 that is applicable or appropriate to the character of suit alleged in plaintiff's petition.' Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 93."

Applying the rule there stated to appellees' petition, we find that appellees have pleaded a straight statutory partition suit without any mention of recovery of land or seeking in any way to impose a trust thereon. They pleaded and established that a large part of the land is located in Foard County and that one of the party defendants resides in Foard County.

Subdivision 13 of Article 1995 authorizes a suit for partition of land or other property to be brought in a county where the land or a part thereof is located or in a county where one or more of the defendants resides. For two reasons, appellees have brought their alleged cause of action within the requirements of Subdivision 13 of Article 1995 and have thus established venue in Foard County. In a partition suit, they have established that a large part of the land is located in Foard County and they have also established that one of the party defendants resides in Foard County. The latter condition also meets the venue requirements provided for in Subdivision 4 of the said Article. Appellants admit that defendant, L. H. Hammonds, resides in Foard County and there is no denial that appellees own an interest in the described tracts of land 5 through 16, which includes four tracts of land in Floyd County.

It is true that appellants charged bad faith on the part of appellees by alleging that the suit was "brought in the guise of a suit for partition" when in fact it was a suit brought "to recover an interest in land." But such a charge was strongly controverted by appellees, who again asserted, under oath, that the suit was one for the partition of land. An issue was made of the matter and it must be assumed that the trial court found against appellants' contentions and in favor of its judgment rendered in the absence of any findings filed or even requested. The parties to the suit and this court are bound by the presumed findings of the trial court to the effect that plaintiffs' (appellees herein) allegations of a partition suit were made in good faith unless it is clearly shown that the trial court abused its discretion in so finding. Texan Development Co. v. Hodges, Tex.Civ.App., 237 S.W.2d 436 (petition for writ of mandamus refused by Supreme Court).

In our opinion, the trial court did not abuse its discretion in so finding and

concluding. At any rate the burden will be upon plaintiffs (appellees herein) to establish joint ownership of the land upon the trial on its merits. For the reasons stated, the appellants' points are overruled and the judgment of the trial court is affirmed.