## JARRETT et al. v. SANGER BROS.
### (No. 1529.)

Court of Civil Appeals of Texas. Beaumont.
April 28, 1927.

Rehearing Denied May 11, 1927.

**1. Venue ⬅═5(4)—Suit to cancel abstract of judgment to which plaintiffs were not party held suit to remove cloud, properly brought in county where plaintiffs' land was situated (Rev. St. 1911, art. 1830, § 14).**

Suit by married women, owning land as devisees under will of their deceased father, alleging ownership in themselves and praying for cancellation of abstract of judgment within county against husband of one plaintiff individually, and husband of other plaintiff as executor of their father's estate on ground such judgment was a nullity as to them because they were not parties to proceeding, *held* to constitute a suit to remove cloud from title within Rev. St. 1911, art. 1830, § 14, and properly brought in county where land was situated.

**2. Venue ⬅═5(4)—Suit to remove lien or incumbrance constituting cloud on title is properly brought in county where land is situated.**

Any instrument authorized by law to be recorded, and which appears to be a lien or incumbrance on land, may at suit of aggrieved party be removed, if in fact the claimed lien has no validity, but is only a cloud on title, and such suit is properly, if not necessarily, brought in county where land affected lies.

Appeal from District Court, Nacogdoches County; C. A. Hodges, Judge.

Suit by Mrs. Mamie Patterson Jarrett and others against Sanger Bros. From a judgment sustaining a plea of privilege, filed by defendant, and transferring the cause, plaintiffs appeal. Reversed and remanded.

S. M. Adams, of Nacogdoches, for appellants.

S. W. Blount, and J. J. Greve, both of Nacogdoches, and J. H. Synnott, of Dallas, for appellee.

HIGHTOWER, C. J. This is an appeal from an order and judgment of the district court of Nacogdoches county, sustaining a plea of privilege filed by the appellee in this cause and transferring this cause to one of the district courts of Dallas county for trial. The controversy is based upon the following facts:

The plaintiffs in this case, Mrs. Mamie Patterson Jarrett and Mrs. Effie Patterson Latimer, are the only heirs of R. T. Patterson, deceased, and are the devisees in his will, and they are joined pro forma by their respective husbands, N. H. Jarrett and Belton Latimer, in this suit.

The father of the plaintiffs, R. T. Patterson, was a resident of Nacogdoches county at the time of his death, January 13, 1916, and left a will in which he devised all of his estate to the above-named plaintiffs Mrs. Jarrett and Mrs. Latimer, with the exception of a legacy of $1,000 in cash which he left to Belton Latimer, the husband of Mrs. Effie Patterson Latimer. In the will, Belton Latimer was named as independent executor, and no bond was required of him, and the testator provided that the probate court should have nothing to do with his estate, and that the executor was only required to file an inventory of the estate, pay the just debts of the testator, receive for himself $1,000 left to him by the will, and then to turn over the residue of the estate to the testator's two daughters, Mrs. Jarrett and Mrs. Latimer, share and share alike.

On January 12, 1921, appellee, Sanger Bros., a private corporation, having its principal office and domicile in Dallas county, recovered a judgment in the district court of that county against N. H. Jarrett individually, and against Belton Latimer as executor of the estate of R. T. Patterson, deceased, for $1,129.60, with interest at the rate of 8 per cent. per annum from the date of the judgment. On March 30, 1921, an abstract of this judgment in due form was duly filed for record in the county clerk's office of Nacogdoches county, and was duly recorded and indexed in the judgment records of that county. In their petition in this suit, the plaintiffs alleged, in substance, that they were not parties in any sense to the suit of Sanger Bros. against Jarrett and Latimer, executor of the estate of R. T. Patterson, deceased, in the district court of Dallas county, Tex., and that the judgment in that suit in no manner affected them, and that they are in no manner bound by the same, but that, as to them, the judgment in the district court of Dallas county is a nullity and of no effect whatever. They then alleged, in substance, that shortly after the death of R. T. Patterson, Latimer, as executor of his estate, carried out the provisions of his will, paid off the debts of the estate, received the legacy of $1,000 that he was entitled to under the will, and then turned ed over the residue of the estate to the plaintiffs Mrs. Jarrett and Mrs. Latimer. They further alleged that plaintiffs, under the will of their deceased father, are the owners in fee simple of two certain tracts of land in Nacogdoches county described in their petition in this case, and that the filing, recording, and indexing of the abstract of judgment obtained by appellee in the district court of Dallas county against Jarrett and Latimer, executor of the estate of R. T. Patterson, has cast a cloud upon plaintiffs' title to the two tracts of land described in their petition, and that in consequence of such cloud upon their title they have been and will be prevented from disposing of their land and from exercising the rights of ownership that they have therein. The prayer of the plaintiffs is:

"Wherefore, plaintiffs pray that defendant be cited to appear and answer this petition; that plaintiffs have judgment clearing their title to the aforesaid described property, and that the said abstract of judgment as to plaintiffs be canceled and held for naught as to these plaintiffs, and possession delivered to plaintiffs; for such other and further relief, special and general, in law and in equity, that they may be justly entitled to receive."

Appellee, as defendant below, filed a plea of privilege, claiming its right to be sued in Dallas county, which plea was in due form in all respects. In answer to this plea, appellants, as plaintiffs below, filed a controverting affidavit, which was also in due form in all respects, and in which it was claimed that this is a suit to remove cloud from title to land, and was therefore properly filed, and should be retained for hearing and determination in the district court of Nacogdoches county, as filed. The court heard the plea of privilege and controverting affidavit and such evidence as was introduced in connection therewith, and sustained the plea, and ordered the cause transferred to the district court of Dallas county, in which the judgment of Sanger Bros. against Jarrett and Latimer was rendered, for trial, and appellants have duly prosecuted this appeal from that order.

Appellants in their brief assert that this is a suit to remove cloud from title to land, in contemplation of section 14, art. 1830, of the Revised Statutes of this state. That section reads as follows:

"14. * * * Lands.—Suits for the recovery of lands or damages thereto, suits to remove incumbrances upon the title to land, suits to quiet the title to land, and suits to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

Able counsel for appellee contend that this is not a suit to remove cloud from title to land, but, on the contrary, that the object and effect of this suit is to cancel and set aside the judgment of the district court of Dallas county in the case of Sanger Bros. v. Jarrett and Latimer, Executor of the Estate of R. T. Patterson, and further, that the purpose and effect of this suit by appellants is to enjoin the execution of the judgment of the district court of Dallas county, and that therefore the district court of Nacogdoches county had no jurisdiction, and that appellee's plea of privilege was properly sustained.

[1] We have read the record in this case with much care and interest, and have concluded that this suit is one wholly and exclusively to remove an alleged cloud upon title to land in Nacogdoches county; admittedly owned by the plaintiffs Mrs. Jarrett and Mrs. Latimer, as devisees under the will of their deceased father. Nothing else is prayed for in the petition. It is true that appellants do allege that the judgment in the Dallas county district court against Jarrett and Latimer, as executor of the estate of R. T.

Patterson, deceased, is a nullity as to them, because they were not parties to that proceeding in any way, and that they are not in privity with any of the parties to that suit, but there is no prayer for the cancellation of that judgment as against any of the parties against whom it was rendered, nor is there any relief prayed by plaintiffs in this cause, other than the cancellation of the abstract of judgment of the Dallas district court, which has been recorded in Nacogdoches county, and which appears to be a valid lien upon the lands of the plaintiffs in Nacogdoches county, but which, in fact, is not a valid lien against their lands, but has the effect to cloud their title, etc. We think that this suit, as made by the plaintiffs, comes clearly under the provisions of section 14, art. 1830, supra, and have therefore concluded that the learned trial judge was in error in sustaining appellee's plea of privilege. If it should appear upon a final trial in the district court of Nacogdoches county that the filing, recording, and indexing of the judgment of the district court of Dallas county constituted a valid lien against the lands of the plaintiffs in Nacogdoches county, then the plaintiffs would simply fail in this suit, and no relief whatever could be granted them. If, on the other hand, the plaintiffs are able to show that that which appears to be a valid lien, that is, the record of the abstract of judgment, is not, in fact, a valid lien against their lands in Nacogdoches county, but is only apparently so, and that the same is a cloud upon their title, then the district court, of Nacogdoches county is the proper court, under the statute, to remove that cloud.

Learned counsel for appellee contend, in effect, that the district court of Nacogdoches county would be without authority to cancel and annul the abstract of judgment involved in this case without first canceling, or at least in some manner modifying, the judgment of the district court of Dallas county in the case of Sanger Bros. against Jarrett and Latimer, but counsel have not been able to cite any authority sustaining that position. It is true that the district court of Nacogdoches county, in determining the question as to whether the recording of the abstract of judgment there constitutes a valid lien in favor of Sanger Bros. against the plaintiffs' lands, might be called upon to construe the legal effect of the judgment of the district court of Dallas county as to the plaintiffs in this case who were not parties to that suit, but it does not follow that the court, in construing the legal effect of that judgment as to the rights of the plaintiffs here, would be called upon to cancel or to any extent modify the judgment of the district court of Dallas county against Jarrett and Latimer, executor of the estate of Patterson. It frequently happens that a court is called upon to construe the orders, decrees, and judgments of a court of another jurisdiction in determining

the question before it, and, in doing so, the court will give such effect to such judgments, orders, and decrees as the law requires. But in this case, as we have stated above, the plaintiffs are not asking the district court of Nacogdoches county to cancel or set aside or to any extent modify the judgment of the Dallas county district court, but only to cancel and annul an instrument of record in the county clerk's office of Nacogdoches county, which appears to be, but which is not.in fact or legal effect, a valid lien against lands owned by appellants in that county, and thereby remove from their title the alleged cloud. This relief, if appellants upon trial should show themselves entitled to it, would in no manner affect the judgment of Sanger Bros. against Jarrett and Latimer, executor of the estate of Patterson, nor would it affect the abstract of judgment, as recorded, in so far as Jarrett and Latimer are concerned.

[2] Counsel for appellee have cited a number of cases in their brief in this case, but they admit that none of them, with the exception of one, is directly in point on their contention here. They do claim that the decision in the case of Lester v. Gatewood et al., 166. S. W. 389, by the Amarillo Court of Civil Appeals, is directly in point on their contention here, that a suit having for its object the cancellation of a duly recorded abstract of judgment, without prayer for other relief by the plaintiff, is not a suit to remove cloud from title, in contemplation of section 14, art. 1830, supra. They claim that, before one court would be authorized to cancel and annul a recorded abstract of judgment, the judgment itself must be first canceled, and that the only court that could cancel the judgment or give relief from it is the court in which the judgment was rendered. We cannot agree with this contention, but think, on the contrary, that any instrument, whether it be a deed, deed of trust, duly recorded abstract of judgment, or any other instrument authorized by law to be recorded, and which appears to be a lien or incumbrance upon land, may at the suit of the aggrieved party be removed, if in fact the claimed lien has no validity, but is only a cloud upon the title to land of another, who is in no way bound by the judgment that has been abstracted and recorded, and that such suit is properly, if not necessarily, brought in the county where the land affected lies. Nor do we understand that the decision in Lester v. Gatewood et al., supra, holds contrary to this view. In that case the main object of the plaintiff's suit was to enjoin the enforcement of a judgment rendered by a court in another jurisdiction on the alleged ground that the judgment was absolutely void, but no fact was stated in the plaintiff's petition upon which to base the pleader's conclusion that the judgment attacked was void. The trial court in that case sustained an exception interposed by the defendant and ordered the venue of the case changed to the county in which the judgment sought to be enjoined was rendered. That ruling, the Court of Civil Appeals held, was correct, because it did not appear from the face of the judgment in that case, nor the record, that the judgment was void, and that under our statute the injunction was properly made returnable to the court in which the judgment attacked was rendered, and from which the execution temporarily enjoined was issued. It is true there was an allegation in the plaintiff's petition in that case that the judgment which he claimed to be void, but stated no fact showing its invalidity, had been abstracted and recorded in the county where the plaintiff lived, and that such record had cast a cloud upon the plaintiff's title to his lands, and it was prayed that the cloud be removed. The court, however, concluded that the proper thing to do in that case was to transfer the whole cause for trial to the court in which the attacked judgment was rendered. The Court of Civil Appeals did not hold that a suit having for its only purpose the cancellation of an abstract of judgment as constituting a cloud upon one's title could not be maintained in the county where the plaintiff's land affected by the cloud lies.

It follows from the views above expressed that this court is of opinion that the trial court was in error in sustaining the plea of privilege, and it is therefore ordered that the judgment of the trial court be reversed and this cause remanded to that court for trial upon the merits.