### J. M. RADFORD GROCERY CO. v. DUNCAN.

### No. 9216.

Court of Civil Appeals of Texas. San Antonio.

Jan. 10, 1934.

Rehearing Denied Jan. 31, 1934

W. E. Lessing, of Abilene, for appellant.

Todd & Todd, of Corpus Christi, for appellee.

SMITH, Justice.

This action was brought in a district court of Nueces county to remove incumbrance resting upon the title to appellee's land by virtue of a money judgment recovered by appellant against appellee in a justice of the peace court in Taylor county, and recorded in the judgment records of Nueces county, where appellee resides and the land is situated.

Appellant pleaded its privilege to be sued in Taylor county, of which it is conceded to be a resident, but the plea was controverted and venue was sought to be retained in Nueces county upon the specific ground, among others, that the suit was one to remove incumbrance upon the title to land, and venue thereof was fixed in said county by virtue of the fourteenth exception to the venue statute (article 1995), as follows: "14. Lands.— Suits * * * to remove incumbrances upon the title to land * * * must be brought in the county in which the land, or a part thereof, may lie."

Upon a hearing the trial judge overruled the plea of privilege, and the grocery company has appealed.

We are of the opinion that the trial court properly disposed of the venue question. The fourteenth exception is clear and specific in laying the venue in suits to "remove incumbrances upon the title to land" in the county in which the land is situated. And it is equally plain that the controlling relief sought in this suit is the removal of the incumbrance cast upon appellee's title to that land by reason of the recorded judgment in Nueces county, where the land is situated. The fact that appellee's right to recover rests upon his contention that the judgment is void is but an incident to the cause of action asserted.

Appellant contends that the action is one primarily to set aside the judgment rendered in a Taylor county court, and the prayer for removal of incumbrance but an incident to the principal cause of action, but the record does not sustain that contention, which is overruled.

It is also contended that the burden rested upon appellee to show that the former judgment was void in order to sustain venue in Nueces county, and that as that judgment was not put in evidence, and no testimony was offered showing or tending to show that it was void, the presumption in favor of the plea of privilege was not overcome. We overrule that contention.

Venue in such cases as this depends upon the coordination of two elements: First, the nature of the suit (to remove cloud from title to land); and, second, the location of the land. The nature of the suit must be determined by the allegations and prayer in plaintiff's petition, whereas, the location of the land may not be shown by such allegations, but must be shown by evidence upon a hearing of the plea. Commercial Standard Ins. Co. v. Lowrie (Tex. Civ. App.) 49 S.W.(2d) 933. Here, the pleadings of appellee showed the nature of the suit to be an action to remove incumbrance upon title to land in Nueces county, and the evidence showed the land to be located in said county, and that the abstract of judgment by which the title was incumbered was of record in the judgment records of said county. By this process venue was properly sustained in Nueces county.

The question of whether the abstracted judgment was void is one to be determined upon a trial on the merits. Of course, if it is not void, it cannot be attacked in this collateral proceeding, and appellee's cause of action for removal of incumbrance would fall. But that is a question to be ascertained in a trial upon the merits, and not in limine.

The judgment is affirmed.