**PINKSTON et al. v. WILLS et ux.**

**No. 13746.**

Court of Civil Appeals of Texas. Dallas.

Nov. 15, 1946.

Rehearing Denied Jan. 10, 1947.

Jack Pinkston, of Dallas, for himself.

E. A. Landman, of Athens, for appellees.

YOUNG, Justice.

The appeal is from an order overruling appellant Pinkston's plea of privilege to be sued in the county of his residence (Dallas). The parties will be here designated as in the trial court. Prior to the suit in Henderson County, to which this proceeding is ancillary, Jack Pinkston had secured a judgment against H. W. Wills in Justice Court, Dallas County, Precinct 7, for $331.93, and on March 11, 1946, caused issuance of alias execution to Henderson County, placing same in hands of Jess Sweeten, Sheriff, for collection. Wills and wife then filed the pending suit against Pinkston and Sheriff Sweeten for temporary injunction to be made permanent upon final trial, alleging that a described thirty-acre tract of land situated in Henderson County was their homestead; that defendant Sweeten, in attempting to enforce said writ of execution, had erroneously levied against an adjoining tract, but that, if not enjoined, would shift the levy to their tract No. 2 and post same for sale, to the serious damage of petitioners. A temporary restraining order then issued, followed by plea to the venue of defendant Pinkston and sworn controverting affidavit by Wills and wife. As grounds of venue, plaintiffs pled subdivisions 4, 14 and 30, Art. 1995; the following paragraph of said controverting affidavit being here pertinent: "Second. The effect of this suit

is to place an incumbrance upon the land described in the Plaintiff's petition, and the effect of this suit is to remove such incumbrance, and under Article 1995, subdivision No. 14, it is mandatory by statute that this suit be brought in Henderson County where the land is located. The property being the homestead of the Plaintiffs is not subject to incumbrance."

The petition for injunction was not made a part of above affidavit but was introduced at the hearing over objection. Plaintiff's testimony was heard and plea of privilege overruled, defendant duly excepting and giving notice of appeal; also requesting findings of fact and conclusions of law which were duly filed by the court, stating in part: "I find that Jack Pinkston has a judgment against Plaintiff H. W. Wills and caused Defendant Jess Sweeten to levy upon 30 acres of land located in Henderson County, Texas. I find that Jess Sweeten is the sheriff of Henderson County, Texas, and resides in Henderson County, Texas, and find that the 30 acres of land is the homestead of H. W. Wills who is the head of a family residing in Henderson County, Texas. I find that the levy was made under execution, and on March 13, 1946. I find that the land is located in Henderson County, Texas."

An inspection of plaintiff's petition discloses that the suit was primarily one concerning land and to remove incumbrance or cloud therefrom—allegations well within the scope of subdv. 14, Art. 1995, reading: "Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie." Wills likewise testified to ownership of the thirty-acre tract, its location in Henderson County and his claim of homestead.

The requirements of subdv. 14 were fully satisfied by appellee's pleading and proof, because venue in such cases "depends upon the coordination of two elements: First, the nature of the suit (to remove cloud from title to land); and, second, the location of the land." Radford Grocery Co. v. Duncan, Tex.Civ.App., 67 S.W.2d 463, 464; 43 T.J., sec. 119; Smith v. Abernathy, Tex.Civ.App., 6 S.W. 2d 147; Kinsey v. Spurlin, Tex.Civ.App., 102 S.W. 122; Morris Plan Bank of Fort Worth v. Ogden, Tex.Civ.App., 144 S.W. 2d 998.

Above considerations render unnecessary the discussion in detail of appellants' points of appeal, except the second, complaining that plaintiffs' controverting plea and verification was based merely upon their information and belief. The statements in the beginning of such instrument, about what affiants believe or "have good reason to believe," may be treated as surplusage. They have reference solely to defendant's plea of privilege and its alleged incorrectness; not bearing on the matters of fact contained in subsequent paragraphs, which the jurat states to be "true in substance and in fact." The point is overruled.

A correct order was entered herein and the court's action in such respect must be affirmed.