Frank G. EVANS, Appellant,

v.

Carlton D. SPEED, Jr., Appellee.

No. 16129.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 30, 1960.

Rehearing Denied Oct. 21, 1960.

Fountain, Cox, Gaines & Fox, Joyce Cox and William G. Fox, Houston, for appellant.

Jennings & Montgomery, Graham, James E. Ross, Houston, for appellee.

RENFRO, Justice.

Plaintiff Speed brought brought suit in Young County against Evans, a resident of Harris County, and sought to maintain venue in Young County, over defendant's plea of privilege, by virtue of subdivisions 13 and 14, Art. 1995, Vernon's Ann.Civ.St.

In paragraph II of his second amended original petition plaintiff alleged that he was sole owner of certain real property in Young County; that defendant had filed for record an affidavit in which he asserted ownership of an undivided one-fourth interest in said property; that defendant in fact owned no interest in said

property, hence the affidavit constituted a cloud on plaintiff's title.

Paragraph III alleged that as part of a partnership business plaintiff acquired a ⅞ths working interest in all the gas, oil and other minerals produced from another tract of land in Young County consisting of 320 acres, that plaintiff owned ¾ths and defendant ¼th of said interest, and prayed that the tract and working interest be partitioned in kind.

Paragraphs IV and V set out the terms and method of operation of a prior partnership between the parties.

In paragraph VI it was alleged that the partnership was terminated on December 31, 1957, but that the assets were not distributed, and as of that time defendant owed plaintiff $91,416 as his share of the partnership indebtedness.

In paragraph VII plaintiff, "as an incident to partition" of the land (320 acre tract), sought to establish defendant's unpaid share of partnership indebtedness as a charge and lien upon defendant's interest in said land.

The concluding prayer was for "(1) Removal of the cloud from his title to the ⅞ working interest in the West ½ of Texas Emigration & Land Company Survey 722, Abstract 727, in Young County, Texas, and removal of the cloud from the title to all other property owned by Plaintiff and clouded by affidavits filed for record by Defendant;

"(2) Partition in kind of the ⅞ working interest in Texas Emigration & Land Company Survey 768, Abstract 308, in Young County, Texas;

"(3) Adjudication of his charge, lien, and superior title against the Defendant Evans' partnership property; * * *."

The plea of privilege was overruled.

Defendant contends in his first point of error that the second amended original petition shows that the principal right asserted and relief sought by plaintiff was for dissolution and settlement of a partnership and that the determination of the parties' respective rights in partnership properties, and partition thereof, is merely incidental to the basic purpose of the suit.

■ The character of a case with respect to the application of our venue statute must be determined by the facts alleged, the rights asserted thereunder, and the relief prayed for. Hooser v. Forbes, Tex. Civ.App., 33 S.W.2d 550; Gifford-Hill & Co. v. Hearne Sand & Gravel Co., Tex.Civ. App., 183 S.W.2d 766.

In Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69, 71, the Supreme Court held: " 'Suits for the recovery of lands or damages thereto * * * must be brought in the county in which the land, or a part thereof, may lie.' So the venue facts he had to establish were but two, namely, (1) that his was a suit for recovery of land and for damages thereto and (2) that a part of the land lay in Midland county. 'What more proof should plaintiff be required to make in order to maintain venue than that his action is clearly one of trespass to try title * * * and that the land is situated in the county where suit is filed? Nothing short of proof of these facts would hold the venue, and we can conceive of nothing more as being required.' "

■ In Dees v. McDonald, Tex.Civ. App., 36 S.W.2d 301, 302, the court stated: "Subdivision 14 of article 1995, Revised Statutes, provides: 'Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie.'

"Under the above provision there appears to be two conditions upon which the venue, in a county other than that of the residence of the defendant, depends: (1) That

the suit must be concerning land; and (2) that the land is located in the county in which the suit is filed.

"Whether or not the suit is one concerning land depends upon the allegations of the petition and is not a question of fact."

. As seen from plaintiff's petition he sought to quiet title to a tract of land in Young County. in. which defendant claimed an interest.

If the main purpose of the suit is for the purpose of quieting title, venue lies in Young County under subdivision 14. It was stipulated that the land is in Young County. The petition sought to partition a mineral interest in other land which the petition and stipulation show to be situated in Young County. The petition does not allege a dispute as to the respective interests of the parties therein. Venue as to such property could be sustained by virtue of the provisions of subdivision 13.

■ We think the petition, construed as a whole, shows that the suit was for the purpose of removing cloud from the title to certain real property and for partition of an undisputed undivided mineral interest in other land, all in Young County.

Defendant relies on the holding in Miller v. Howell, Tex.Civ.App., 234 S.W.2d 925, 929, as being conclusive of the instant appeal. We do not agree. In the Miller case, after a full discussion of the pleadings, we held: "It is, by all standards, an equitable proceeding for a partnership accounting." In our opinion the pleadings in the instant case do not call for a partnership dissolution and accounting, but for removal of cloud on land and partition of other real property; and the other relief sought is incidental thereto. The point of error is overruled.

We also overrule defendant's contention that the undisputed evidence showed that plaintiff's petition had been fraudulently framed for venue purposes.

Judgment affirmed.