LUMBERMEN'S INVESTMENT CORPORATION, Appellant,

v.

Willie Fred BROWN et ux., Appellees.

No. 4285.

Court of Civil Appeals of Texas. Waco.

Oct. 29, 1964.

Richard L. Stone, Jacksonville, for appellant.

William J. McKie, Corsicana, for appellees.

TIREY, Justice.

This is a venue case. The Lumbermen's Investment Corporation has perfected its appeal from an order overruling its Plea of Privilege to be sued in Travis County, the County of its residence. As we understand Appellant's brief it asserts two errors and designates them as follows:

"POINTS OF ERROR:

"The Trial Court erred in overruling the Appellant's Plea of Privilege to be sued in Travis County, Texas, since the Plaintiffs failed to allege and prove that their action was one to remove an encumbrance upon real estate within the (a) meaning of Subdivision 14 of Article 1995, Texas Revised Civil Statutes, or (b) came within Subdivisions 23 or 29a."

Appellees in their brief say:

"Plaintiff is relying only on Subdivision 14 of Article 1995 since the other Defendant, Raymond Teague, dba Lone Star Builders, has been dismissed from the suit."

Plaintiffs went to trial on their original petition and their controverting affidavit. We quote the pertinent parts of plaintiffs' petition:

"1. Plaintiffs reside in Navarro County, Texas. Defendant Lumbermen's Investment Corporation is a corporation with offices at 2501 N. Lamar St., Austin, Texas, and defendant, Lone Star Builders is a company doing business at 219 Jackson Street, in Jacksonville, Texas.

"2. Heretofore, in early June, 1962 Scheumack Brothers Roofing Company, of Austin, Texas, and Lone Star Builders, of Jacksonville, Texas accepted Plaintiffs' application to make certain improvements on their property located at 1412 East Ninth Avenue, Corsicana, Navarro County, Texas. At that time the salesman advised plaintiffs that they would have disability insurance which in the event plaintiff, Willie Fred Brown, became disabled that the payments for the improvements would be made by American National Insurance Company.

"3. Thereafter, the improvements were made and the note was sold by the builders to Defendant, Lumbermen's Investment Corporation. Thereafter, plaintiff Willie Fred Brown was shot and disabled and has been disabled since January, 1963, but Defendant Lumbermen's Investment Corporation now says that no disability insurance was provided for by defendant, Lone Star Builders as originally agreed between the parties, and since being disabled plaintiffs have not made the payments and Lumbermen's Investment Corporation is threatening to foreclose.

"4. The work on the improvements was commenced and materials were placed upon the property before these plaintiffs executed a mechanic's lien, and for that reason they allege that said lien is void.

"5. Plaintiffs also allege that since defendant, Lone Star Builders, were negligent in not *provided* for said disability insurance that they, Lone Star Builders, should be required to make all payments becoming due while plaintiff, Willie Fred Brown, is disabled.

"6. Plaintiffs say that they are entitled to an injunction against Lumbermen's Investment Corporation to prevent them from attempting to foreclose upon this void mechanic's lien; that they have no other remedy at law, and that they will be irreparably damaged unless this relief is granted."

In their prayer they asked for a temporary injunction and prayed upon final hearing that defendants be enjoined from attempting to foreclose upon said mechanic's lien, and that the lien be declared void, and asked for other relief, not pertinent here.

Plaintiffs, in their Controverting Plea, incorporated their original petition. On trial they introduced a copy of their original petition and a copy of the Controverting Affidavit. It was stipulated that the allegations contained in the Plea of Privilege of Raymond Teague, doing business as Lone Star Builders, as well as the allegations contained in the Plea of Privilege of Lumbermen's Investment Corporation, are true and correct, save and except the allegation that there is no exception to the venue statute, and further "that Lumbermen's Investment Corporation owned the debt and lien created by the mechanic's lien contract." In the controverting plea to Lumbermen's Investment Corporation's plea of privilege, plaintiffs relied upon Subdivision 14 of Art. 1995, maintaining that the action was one to remove an encumbrance upon land located in Navarro County, Texas, and also relied upon Subdivisions 23 and 29a. How-ever, plaintiffs waived the provisions of Subdivisions 23 and 29a as heretofore stated, and because of the waiver these provisions passed out of the case and need not be considered further.

In its argument appellant says:

"The plaintiffs in their petition failed in three respects to bring this action within Subdivision 14 of Article 1995. First, the plaintiffs failed to allege or prove that the property described in the Mechanic's Lien Contract was the homestead of the plaintiffs at the times material to the cause of action. Secondly, the plaintiffs failed to (a) set forth in their petition a legal description of the property in controversy, (b) mention the contract by parties, date and recordation, much less incorporate it by reference and make it a part of the petition. Third, the plaintiffs in their suit primarily seek injunctive relief, and that being the main purpose of the suit, the prayer for a declaration that the lien was void was merely incidental to the injunctive relief being sought.

"The plaintiffs' petition contained the legal conclusion in the allegation of paragraph 4 thereof in stating that the lien was void since the work commenced before the Mechanic's Lien Contract was executed."

We are not in accord with Appellant's view. Here the plaintiffs' petition shows that it is a suit to have declared void a mechanic's lien on certain property located in Navarro County, Texas.

Much has been written by our Appellate Courts on what venue facts are necessary to be proved in order to bring a cause within the provisions of Subdivision 14 of Article 1995, Vernon's Ann.Tex.St., aforesaid. We think one of the clearest statements to be found is in the opinion of Chief Justice Hickman, a member of the Eastland Court, in Higginbotham-Bailey-Logan Co. v. Hancock, et ux., Tex.CivApp., 4 S.W.2d 583,

n. w. h. There we find the following pronouncement:

"When a controverting plea to a statutory plea of privilege is filed, showing that the plaintiff relies upon a particular exception of article 1995 to sustain venue in the trial court, the merits of the controversy are not thereby put in issue, but only such facts as are necessary to show that plaintiff's case comes clearly under such exceptional provision. In cases of trespass to try title or suits to remove incumbrance upon the title to land, there can be but two questions put in issue on a plea of privilege; namely, the nature of plaintiff's cause of action and the location of the land. The best evidence of the nature of the cause of action in a suit of that character is the pleading itself. What more proof should plaintiff be required to make in order to maintain venue than that his action is clearly one of trespass to try title, or to remove an incumbrance, and that the land is situated in the county where suit is filed? Nothing short of proof of these facts would hold the venue, and we can conceive of nothing more as being required."

The Commission of Appeals, opinion adopted, in Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69, gave its approval to the doctrine announced in the aforesaid opinion of Justice Hickman, and the Supreme Court has not seen fit to change or modify it. The opinion of the Supreme Court in Cowden v. Cowden has been necessarily and consistently followed. See Shepherd's Citator. In the Cowden case cited, we find:

"Appellant's pleadings showed that he was suing to recover lands and for damages thereto. The proof showed that a part of the land was situated in Midland county. Therefore, as to the part so situated, he had done all that the law required him to do to defeat the plea of privilege."

In the case at bar it is without dispute that the plaintiffs' pleadings show that they are seeking to have declared void a Mechanic's Lien existing on their land located in Navarro County, Texas, and that they are asking that such lien be declared void, and proof shows without dispute that the land is located in Navarro County, Texas. Under the decisions above cited we think the plaintiffs have carried their burden.

Accordingly, each of Appellant's Points is overruled and the judgment of the Trial Court overruling its Plea of Privilege is affirmed.