**BEST INVESTMENT COMPANY et al.,**
**Appellants,**

**v.**

**Jacqua Nell PARKHILL, Appellee.**

**No. 362.**

Court of Civil Appeals of Texas.

Corpus Christi.

May 31, 1968.

Rehearing Denied June 20, 1968.

John R. Bryant, Dallas, for appellants.

Ewers, Toothaker, Ewers, Byfield & Abbott, O. C. Hamilton, Jr., McAllen, for appellee.

## OPINION

NYE, Justice.

This is a venue case. Suit was filed by the plaintiff Jacqua Nell Parkhill, a feme sole and resident of California against Joe A. Irwin, Dal-Park Enterprises, Inc. and Best Investment Company, defendants, all of whom are residents of Dallas County or have their principal offices in such county.

Defendants Irwin and Best Investment Company filed pleas of privilege to be sued in Dallas County. Plaintiff filed her controverting affidavit alleging that venue properly lay in Hidalgo County (where she filed her suit) under subsection 14 of Art. 1995, Vernon's Ann. Civ.St. The original petition and exhibit were referred to and made a part of the controverting affidavit for all purposes. These instruments were subsequently introduced into evidence. The petition alleged that the plaintiff was suing to remove a cloud on the title to her land and was asking for damages resulting by virtue of the defendants' refusal to remove the cloud on the title to plaintiff's land.

Defendant Dal-Park Enterprises, Inc. filed its disclaimer that it neither owns, claims nor asserts any right, title, interest or right of possession in or to the property described in plaintiff's petition. Dal-Park is not a party to this appeal.

Sub-section 14 of Art. 1995 V.A.C.S. provides in part:

"14. Lands.—Suits for the recovery of lands * * * or to remove incumbrances upon the title to land, or to quiet the title to land, * * * must be brought in the county in which the land, or a part thereof, may lie."

The venue facts which plaintiff had the burden to establish under this subdivision were: 1) the nature of plaintiff's cause of action, and 2) the location of the land. Lumbermen's Investment Corp. v.

Brown, 383 S.W.2d 938 (Tex.Civ.App.-Waco 1964, dism.Agr.). Our Supreme Court speaking of this particular exception to residence venue has said:

"It is well settled that Exception 14 is mandatory where the privilege is properly claimed by any party to a suit which falls within its terms." Citing cases.

The Court went on to say: " * * * Venue under Exception 14 is determined by the location of the land and the nature of the relief sought * * *." Langdeau v. Burke Investment Co., 163 Tex. 526, 358 S.W.2d 553 (1962).

■ The instruments before the Court among other things, included the plaintiff's petition and a copy of the recorded real estate contract. The exhibit attached to the petition described the land as being in Hidalgo County. There being no statement of facts, nor any request for findings of fact or conclusions of law, this Court must presume that every fact necessary to support the judgment rendered was found by the trial court. Commercial Credit Corporation v. Smith, 143 Tex. 612, 187 S.W.2d 363 (1945).

Appellants make three principal contentions in their appeal covered by five points of error: (1) That the petition does not plead a cause for removal of a cloud on title to realty, (2) that a recorded contract of sale of realty between strangers to the title of the realty is not a cloud upon the title as a matter of law and (3) that this is primarily a suit for damages against the defendants and therefore sub-section 14 is inapplicable.

Plaintiff alleged that she is the owner in fee simple of land (described in detail in her petition) which is located in Hidalgo County, Texas; that on or about the 13th day of May, 1966 defendant Irwin caused a contract dated February 1, 1966 between the defendants to be filed for record in Hidalgo County Deed Records. This contract, covering at least twelve pages, was attached and made a part of plaintiff's petition and was marked Exhibit A. Briefly stated, the contract provided in part that it was an agreement between Dal-Park Enterprises, Inc., and Joe A. Irwin, defendants. The contract stated that: "Dal-Park is the owner of the following realty, to-wit: * * *" wherein the legal description to plaintiff's land was made. Included in this description was reference to the unpaid balance of a note and mortgage. The contract went on to describe the ownership of other lands in Irwin. It then stated "that Dal-Park and Irwin have agreed and do hereby agree to exchange their respective properties on an equal basis with Dal-Park assuming the above listed indebtedness against the Irwin properties and Irwin assuming the above described indebtedness against Dal-Park's property, * * *" The contract stated that: "Now, therefore, in consideration of the premises, and in order to implement the above referred to Agreement for exchange of their respective properties, Dal-Park and Irwin represent, warrant, covenant, and agree as follows, to-wit: (1st), Dal-Park hereby sells and agrees to convey to Irwin the land and premises above described (this is plaintiff's land)[1] as owned by Dal-Park upon the following terms and conditions, to-wit: (1.) Dal-Park agrees to convey its said property and improvements to Irwin by a good and sufficient General Warranty Deed free and clear of any and all encumbrances EXCEPT: (a) describing the indebtedness * * * (2.) Dal-Park will furnish to Irwin at Dal-Park's costs an Owner's Title Policy * * *." The contract then provided for similar provisions concerning Irwin to transfer his property to Dal-Park. All such references by Dal-Park are to plaintiff's land. The contract was duly executed, acknowledged and then filed of record by defendant Irwin in the Deed Records of Hidalgo County, Texas.

---

1. (Parenthesis supplied).

Plaintiff in her petition alleged that defendant Dal-Park had no title to the above described property and that the contract was never performed. Plaintiff further alleged that the defendants refused to execute a release or quitclaim to the above described property thereby creating a cloud on the title to such property. Continuing, plaintiff alleged "Defendants well knew that the filing of such contract of record would create a cloud on Plaintiff's title and does create a cloud on such title and should be removed by this Court. Plaintiff has requested a release or quitclaim deed covering the property from Defendants Irwin and Best (appellants) because Plaintiff has an opportunity to sell such property and is unable to comply with her contract of sale because no title company will issue a policy with this cloud on the title of plaintiff * * *." The plaintiff's prayer was that "Wherefore, Plaintiff prays judgment removing the cloud on Plaintiff's title * * *."

A *cloud on title* has been defined as "An outstanding claim or incumbrance which, if valid, would affect or impair the title of the owner of a particular estate, and on its face has the effect, but can be shown by extrinsic proof to be invalid or inapplicable to the estate in question." Black's Law Dictionary, 4th Edition. The word *encumbrance* in a popular sense might include an illegal claim set up to land under a state of facts that would apparently give title when in fact no title existed. Thus used it would be equivalent to the words *"cloud upon title"*. 59 Tex.Jur.2d, Sec. 35, p. 421. See also 74 C.J.S. Quieting Title § 14b, p. 27 et seq.

■ Any deed, contract, judgment or other instrument not void on its face which purports to convey any interest in or makes any charge upon the land of a true owner, the invalidity of which would require proof, is a cloud upon the legal title of the owner. We do not know the nature of defendants' interest in this land. The plaintiff is a non-resident of this state and may or may not be in possession. The contract in question filed in the deed records purports with authority to be able to convey the land of the plaintiff when allegedly in fact no title exists. If, of course, appellants have no interest nor claim any interest in the land in question, it is not apparent from the record. See Texan Development Co. v. Hodges, 237 S.W.2d 436 (Tex.Civ.App.-Amarillo 1951).

■ Since appellee has pleaded that defendants have placed encumbrances upon the title to her lands, and that the nature of her suit is to remove the cloud cast upon the title to her property, venue would properly lie in Hidalgo County. It has been held that a suit predicated in good faith upon either one or more of the alleged grounds for recovery provided for in Sec. 14 of Art. 1995 and pleaded by plaintiff, *must* be filed and heard in the county where the land is situated. Texan Development Co. v. Hodges, supra. The question of good faith of plaintiff can be raised only by a pleading of the adverse party alleging fraud or bad faith and offering evidence to support the issue. Here the appellants failed to either plead or prove that plaintiff's allegations were made without probable cause. Appellants now in effect contend that such averments by appellee were made without cause; if so, it must be presumed that the trial court found against them in these matters, as the parties are bound by an implied finding of the trial court to the effect that plaintiff's allegations were in fact made in good faith. Texan Development Co. v. Hodges, supra. Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69 (1945).

■ We hold that the nature of plaintiff's cause of action as evidenced by

her petition was one to remove an encumbrance and/or to quiet the title to her land. Mecom v. Gallagher, 192 S.W.2d 804 (Tex.Civ.App.-Waco 1946); Leonard v. Carter, 389 S.W.2d 147 (Tex.Civ.App.-Ft. Worth 1965, err.dism.); Evans v. Speed, 339 S.W.2d 257 (Tex.Civ.App.-Ft. Worth 1960, err.dism.); Stemmons v. Matthai, 227 S.W. 364 (Tex.Civ.App.-El Paso 1921); see also Dorsey v. Oehler, 359 S.W.2d 624 (Tex.Civ.App.-Eastland 1962, ref. n. r. e.); LaFleaur v. Kinard, 161 S.W.2d 144 (Tex.Civ.App.-Beaumont 1942).

■ Appellants contend that this suit is one primarily for damages; therefore, there is no applicable exception to the venue rule. It is well settled that there may be alternate allegations in a petition. Where a suit is to remove encumbrances or remove a cloud from the title to land the fact that additional relief is sought beyond that enumerated in the statute is immaterial. 59 Tex.Jur.2d, Sec. 28, p. 407 and cases cited therein.

■ Lastly, appellants contend in effect that the subject contract does not place a cloud on the title to her property as a matter of law. It is not necessary to consider the proof as to the merits of this case on a plea of privilege hearing. We do not intend to infer, however, that a real estate sale contract between strangers purports to place a cloud on the title to one's land as a matter of law. This is not what the appellate court determines in a venue case. We look to the nature of plaintiff's suit to see if it is one within the provisions of Section 14. The only factual proof necessary is that the land be located where the suit was filed. Weaver v. Acme Finance Company, 407 S.W.2d 227 (Tex.Civ.App.-Corpus Christi 1966); Petroleum Processing, Inc. v. Roemer, 396 S.W.2d 528 (Tex.Civ.App.-Corpus Christi 1965). Appellants' points are overruled.

Judgment of the trial court is affirmed.

SHARPE, Justice (concurring).

I concur in affirmance of the judgment for the reasons stated in this separate opinion.

Appellee was plaintiff and appellants were defendants in the court below. Appellants filed their plea of privilege (contained in a single pleading but urged on behalf of each of them) to be sued in Dallas County, Texas. Appellee duly controverted the plea, placing reliance on Subdivision 14 of Article 1995, V.A.C.S. This appeal is from an order of the district court of Hidalgo County, Texas overruling the plea of privilege. Trial was to the court without a jury. The record herein does not include a statement of facts and consists solely of the clerk's transcript. There are no findings of fact or conclusions of law.

By five points of error appellants assert in substance that the trial court erred in overruling their plea of privilege because: (1) Appellee's petition did not plead a cause for removal of cloud on title to realty, (2) A recorded contract of sale of realty between strangers to the title of said realty is not a cloud upon the title to such realty, (3) A contract of sale that had been "abandoned" is not a cloud upon the title to the realty involved therein, (4) An allegation of appellants' refusal to execute a "quit claim" does not create a cloud on the title of the subject property, and (5) Appellee's suit is primarily a suit for damages.

Appellants' point one is without merit. An examination of appellee's petition clearly shows that it alleges a cause of action to remove a cloud upon or to quiet title to her land located in Hidalgo County, Texas. The facts alleged, from the standpoint of pleading, are sufficient to show that the recorded contract of sale between appellants constitutes a cloud on appellee's title. See Fidelity Union Fire Ins. Co. v. First National Bank of Crosbytown, 18 S.W.2d 800 (Tex.Civ.App., Amarillo, 1929, n. w. h.); Jarrett v. Sanger Bros., 294 S.W. 663 (Tex.Civ.App., Beaumont, 1927, n. w. h.).

Aside from the nature of the relief sought the only other venue fact which appellee was required to establish in this case was that the land was located in the county where the suit was filed. See Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69 (1945); Piazza v. Phillips, 153 Tex. 115, 264 S.W.2d 428 (1954); Cox v. Palacios, 188 S.W.2d 688 (Tex.Civ.App., San Antonio, 1945, n. w. h.). In the absence of a Statement of Facts or findings of facts we must presume that the trial court found every fact in such a way as to support the judgment and that the evidence was sufficient to support such findings, including a finding that the land in question was located in Hidalgo County, Texas. See Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683 (1951); Appellate Procedure in Texas, Sec. 10.4(2). Appellee thus brought her case within Subdivision 14 of Article 1995, V.A.C.S.

Appellants' points two, three and four do not involve essential venue facts, but instead relate to an adjudication on the merits with which we are not here concerned. See Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810 (1929); J. M. Radford Grocery Company v. Duncan, 67 S.W.2d 463 (Tex.Civ.App., 1934, n. w. h.).

Appellants' point five is also not well taken. Appellee's allegations of damages due to the cloud on her title caused by appellants' recorded contract and refusal to remove such amount to no more than a claim for additional recovery. This does not defeat venue where the suit is properly brought to remove cloud or quiet title in the county where the land is located. See Evans v. Speed, 339 S.W.2d 257 (Tex.Civ.App., Ft. Worth, 1960, err. dism.); Joy v. Joy, 254 S.W.2d 810 (Tex.Civ.App., Ft. Worth, 1953, n. w. h.); Stephenville Production Credit Ass'n v. Rockwell, 250 S.W.2d 476 (Tex.Civ.App., Eastland, 1952, n. w. h.).

The trial court properly rendered judgment overruling appellants' plea of privilege, and for the reasons herein stated I have voted to affirm it.