2025 Tex. Bus. 46



THE BUSINESS COURT OF TEXAS
EIGHTH DIVISION

| | | |
|---|---|---|
| CRS MECHANICAL, INC.; CRS MECHANICAL OF NEBRASKA, INC.; and CHRIS ALLENSWORTH<br><br>*Plaintiffs,*<br><br>v.<br><br>NORFOLK COLD STORAGE, LLC f/k/a TVG CAPITAL HOLDINGS, LLC; and JON TRYGGESTAD,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Cause No. 25-BC08B-0001 |

## MEMORANDUM OPINION AND ORDER

¶ 1    Before the Court is the Motion for Summary Judgment on Defendants' Counterclaim for Attorney's Fees ("Motion") filed September 12, 2025, by Plaintiffs CRS Mechanical, Inc., CRS Mechanical of Nebraska, Inc., and Chris Allensworth (collectively, "Plaintiffs"). Having carefully considered the pleadings, the summary-judgment briefing and evidence, the arguments of counsel, and applicable law, the Court concludes that the Motion should be **GRANTED**.

## I. BACKGROUND

¶ 2    This case arises out of an alleged 2021 partnership to renovate and operate a cold-storage facility in Norfolk, Nebraska.

¶ 3    According to Plaintiffs, the parties agreed that Defendants would purchase the facility at a foreclosure sale; Plaintiffs would perform the necessary renovations; Defendants would fund those renovations; and Plaintiff Allensworth would receive an ownership interest in the to-be-formed entity (NewCo). Plaintiffs allege that in reliance on Defendants' assurances, they refrained both from bidding at the foreclosure sale and from enforcing two preexisting mechanic's liens on the property ("CRS Liens"). Plaintiffs contend that Defendants, after securing control of the facility, ceased performance and excluded Plaintiffs from all ownership and operations. Plaintiffs bring claims for breach of fiduciary duty, knowing participation, and common-law fraud.

¶ 4    Defendants Norfolk Cold Storage, LLC f/k/a TVG Capital Holdings, LLC and Jon Tryggestad (collectively, "Defendants") deny all wrongdoing. On October 30, 2025, Defendants filed their Third Amended Answer, Defenses, Counterclaim, and Verified Denial ("Counterclaim").[1] In their Counterclaim, Defendants seek three specific declarations:

---

[1] Plaintiffs filed this Motion when Defendants' live pleading was the Second Amended Answer, Defenses, and Counterclaim (filed July 7, 2025). The requested declaratory relief in the Second Amended Answer is identical to that in the Third Amended Answer. *Compare* 2d Am. Answer ¶ 31, *with* 3d Am. Answer ¶ 32.

i.   No contract, agreement, or partnership was formed between Plaintiff(s) and Defendant(s);

ii.  The Liens were never valid because, among other things, the Liens do not comply with Nebraska law, neither CRS nor CRS Nebraska had a real estate improvement contract with the contracting owner of the Norfolk Property, and neither CRS nor CRS Nebraska timely recorded the Liens; and,

iii. To the extent the Liens were ever valid, the Liens lapsed and became invalid and void due to failure to comply with Nebraska law, including but not limited to, CRS and CRS Mechanical failed to bring a suit to foreclose the Liens within the statutory time period required by Nebraska Law.[2]

Defendants also request attorney's fees, expert fees, and costs in connection with their declaratory-judgment claims.

¶ 5    Plaintiffs contend that the Counterclaim is an impermissible attempt to recover attorney's fees under the Declaratory Judgments Act because each declaration merely duplicates issues already before the Court. Defendants respond that the declarations are necessary to remove the CRS Liens and that Nebraska law authorizes the requested declarations and attorney's fees.

## II.    LEGAL STANDARD

¶ 6    Summary judgment is governed by Texas Rule of Civil Procedure 166a. To obtain a traditional summary judgment, the movant "bears the burden to show that no genuine issue of material fact exists and that it is entitled to judgment

---

[2] Counterclaim ¶ 32.

as a matter of law."[3] A plaintiff seeking summary judgment on a defendant's counterclaim must negate at least one essential element of the counterclaim.[4]

¶ 7    Once the movant satisfies this initial burden, the burden shifts to the nonmovant to raise a genuine issue of material fact.[5] Raising a fact issue defeats summary judgment.[6] Conclusory assertions, argumentative characterizations, or mere denials do not.

### III.    ANALYSIS

### A.    The Declaratory Judgment Act and attorney's fees

¶ 8    The Declaratory Judgments Act ("DJA") serves an important but carefully circumscribed function; it allows courts to "settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations."[7] The Act also authorizes, but does not dictate, an award of reasonable and necessary attorney's fees associated with the requested relief.[8]

¶ 9    The DJA is not an unrestrained fee-shifting device, nor does it provide a procedural backdoor for recovering attorney's fees for issues already before the court. Texas law is clear that a defendant may not bring a declaratory-judgment

---

[3] *ConocoPhillips Co. v. Koopmann*, 547 S.W.3d 858, 865 (Tex. 2018) (citing TEX. R. CIV. P. 166a(c)).

[4] *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 113 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Taylor v. GWR Operating Co.*, 820 S.W.2d 908, 910 (Tex. App.—Houston [1st Dist.] 1991, writ denied).

[5] *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014); *Tello*, 218 S.W.3d at 114.

[6] *Tello*, 218 S.W.3d at 114.

[7] TEX. CIV. PRAC. & REM. CODE § 37.002(b).

[8] *Id.* §§ 37.003(b), 37.009.

counterclaim that merely mirrors or repackages defenses to the plaintiff's claims.[9]

Likewise, defendants may not use the DJA as a vehicle to obtain attorney's fees when the requested declarations add nothing of substance beyond the issues raised in the plaintiff's suit.[10]

¶ 10    A DJA counterclaim is permissible only if it has greater ramifications than the issues already before the court.[11] A counterclaim has greater ramifications if it seeks affirmative relief.[12] A counterclaim seeks affirmative relief if it alleges "that the defendant has a cause of action, independent of the plaintiff's claim, on which [the defendant] could recover benefits, compensation or relief, even though the plaintiff may abandon [their] cause of action or fail to establish it."[13]

¶ 11    This Court recently applied these principles in *CreateAI Holdings v. Bot Auto TX*.[14] There, the Court dismissed DJA counterclaims that functioned as mere denials of the plaintiff's pending claim for a permanent injunction. In that case, the

---

[9] *See BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990) (orig. proceeding) (explaining that the DJA "is not available to settle disputes already pending before a court"); *Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 624–25 (Tex. 2011) ("[D]eclaratory relief was improper because the declarations in this case add nothing to what would be implicit or express in a final judgment for the other remedies sought in the same action.").

[10] *See MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009) ("[A] party cannot use the [DJA] as a vehicle to obtain otherwise impermissible attorney's fees."); *Tex. Health Harris Methodist Hosp. Fort Worth v. Featherly*, 648 S.W.3d 556, 584 (Tex. App.—Fort Worth 2022, pet. denied) ("A party may not use the Declaratory Judgments Act as a vehicle for recovering attorney's fees when the declaratory claims merely duplicate other claims already before the trial court for which attorney's fees are not permitted.").

[11] *Guniganti v. Kalvakuntla*, 346 S.W.3d 242, 251 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ("When a declaratory judgment counterclaim has greater ramifications than the original suit—such as settling future disputes—a court may allow the counterclaim.").

[12] *Ysasaga v. Nationwide Mut. Ins.*, 279 S.W.3d 858, 863 (Tex. App.—Dallas 2009, pet. denied).

[13] *Gen. Land Off. v. Oxy U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex. 1990).

[14] 2025 Tex. Bus. 17, ¶ 7, 2025 WL 1387931, at *3 (11th Div.).

defendants sought declarations that the plaintiff "has not and cannot establish imminent and irreparable injury" and "has not and cannot establish there is no adequate remedy at law."[15] Because the counterclaims did not seek any independent benefit or remedy, the Court concluded they failed as a matter of law and dismissed them under Texas Rule of Civil Procedure 91a.[16]

¶ 12   Applying the same principles here, each of Defendants' requested declarations either duplicates issues already joined by the pleadings or seeks relief beyond this Court's jurisdiction. Either basis is independently fatal.

**B.      Declaration One is subsumed in Plaintiffs' claims for breach of fiduciary duty and knowing participation.**

¶ 13   Declaration One asks the Court to declare that "[n]o contract, agreement, or partnership was formed between Plaintiff(s) and Defendant(s)."[17]

¶ 14   That issue, however, is entirely duplicative of issues subsumed in Plaintiffs' claims for breach of fiduciary duty and knowing participation. Whether the parties formed a partnership or partnership agreement is a threshold question the Court must answer to adjudicate Plaintiffs' claims.[18] A declaration to the

---

[15] *Id.* ¶ 3.
[16] *See id.* ¶¶ 5, 7 (where the Court found that the counterclaims violated the "mirror-image rule," which "precludes a defendant from asserting a counterclaim under the Uniform Declaratory Judgments Act which presents nothing more than a mere denial of the plaintiff's claim").
[17] Counterclaim ¶ 32(i).
[18] *See* 1st Am. Pet. ¶¶ 6.2 ("As partners in the cold storage joint venture, Defendants owed fiduciary duties to Allensworth."), 6.3 ("To the extent one or[] more Defendants were not included as partners in the partnership agreement set forth in ¶6.2 above, said Defendants are liable for knowing participation in breach of fiduciary duty by another . . . .").

contrary would add no new controversy, no independent remedy, and no separate benefit. It would serve simply to negate an element of Plaintiffs' claims.

¶ 15   Because Declaration One seeks no affirmative relief, it cannot support an award of attorney's fees as a matter of law. Plaintiffs are therefore entitled to summary judgment on Declaration One.

## C.   Declarations Two and Three likewise mirror Plaintiffs' fraud and damages claims.

¶ 16   Declarations Two and Three seek a determination that the CRS Liens were never valid or, alternatively, have become invalid.[19]

¶ 17   These requests directly overlap with Plaintiffs' fraud and damages theories. Plaintiffs allege they refrained from enforcing the CRS Liens in reliance on Defendants' misrepresentations and later allowed the liens to expire based on the same or similar representations.[20] They seek damages associated with this alleged forbearance.[21] The existence of the liens is thus critical to Plaintiff's theory of the case.

¶ 18   Like Declaration One, these declarations operate as classic defensive denials—not affirmative relief. Defendants cannot use the DJA to repackage defenses as declaratory relief or to obtain attorney's fees not otherwise available.

---

[19] Counterclaim ¶ 32(ii)–(iii).
[20] 1st Am. Pet. ¶¶ 4.13, 6.4.
[21] *Id.* ¶¶ 6.4, 8.1.

Indeed, courts have concluded that declaratory claims seeking to invalidate clouds to title are suits to quiet title for which attorney's fees are not available.[22]

¶ 19   For these reasons, Plaintiffs are entitled to summary judgment on Declarations Two and Three.

**D.   The Court lacks jurisdiction to grant Declarations Two and Three.**

¶ 20   Even if Declarations Two and Three were not subsumed in Plaintiffs' claims and did seek affirmative relief, the Court lacks subject-matter jurisdiction over real property interests in other states and, therefore, cannot grant the declaratory relief sought by Defendants.

¶ 21   It is well established that Texas courts cannot adjudicate title to real property located outside Texas.[23] The one quasi-exception is that courts may enforce contractual obligations that indirectly affect foreign real property, but not if the crux of the requested relief is a direct adjudication of title or encumbrances.[24]

---

[22] *See Tuttle v. Builes*, 572 S.W.3d 344, 359–60 (Tex. App.—Eastland 2019, no pet.); *DAS Inv. Corp. v. Nowak*, No. 01-03-00140-CV, 2004 WL 396983, at *2–3 (Tex. App.—Houston [1st Dist.] Mar. 4, 2004, no pet.) (mem. op.) ("Appellants prayed that the three liens 'be declared of no force and effect; canceling said instruments; removing them as Cloud on Counter–Plaintiff's Title, and for all other relief' to which they were justly entitled. Appellants also requested attorney's fees. We hold that appellants' claim was one to quiet title and, therefore, appellants were not entitled to attorney's fees.").

[23] *Bauer v. Braxton Mins. III, LLC*, 689 S.W.3d 633, 637 (Tex. App.—Fort Worth 2024, pet. granted); *see also Crawford v. Silette*, 608 F.3d 275, 277–78 (5th Cir. 2010) ("The local action doctrine holds that federal and state courts lack jurisdiction over the subject matter of claims to land located outside the state in which the court sits . . . It prevents courts unfamiliar with local property rights and laws from interfering with title to real property which must be recorded under a unitary set of rules to keep it free of conflicting encumbrances.") (internal quotation marks omitted).

[24] *Bauer*, 689 S.W.3d at 637.

¶ 22   "To determine the extent to which title and possession are involved, and thereby implicate jurisdiction, we look to the nature of the suit, the injury complained of, and the relief sought, together with any relevant evidence."[25] Courts consider the basis upon which a party seeks recovery; "[i]f the gist or gravamen of a claim involves adjudication of title to foreign real property interests, the Texas court lacks subject matter jurisdiction."[26]

¶ 23   These limitations apply with equal force even within Texas's own borders. The legislature has mandated that suits involving real property—including those "to remove encumbrances from the title to real property"—must brought in the county where the property is located.[27] A court in Tarrant County, for example, is powerless to remove an encumbrance from land located just miles away in Dallas County. A fortiori, this Court cannot adjudicate encumbrances on land in Nebraska.

¶ 24   Because the essence of Declarations Two and Three is the removal of encumbrances from title to Nebraska property—a classic quiet-title remedy[28]—the Business Court lacks jurisdiction to provide such relief. Summary judgment is therefore appropriate for this independent reason as well.

---

[25] *Id.*

[26] *Id.*

[27] Tex. Civ. Prac. & Rem. Code § 15.011; *see Lumbermen's Inv. Corp. v. Brown*, 383 S.W.2d 938, 940–41 (Tex. App.—Waco 1964, no writ) (holding plaintiffs satisfied burden of pleading right to maintain suit in Navarro County, Texas under predecessor to Tex. Civ. Prac. & Rem. Code § 15.011 because plaintiffs sought declaration that mechanic's lien on property in county was void).

[28] *See DAS Inv. Corp.*, 2004 WL 396983, at *2–3 (holding that declaratory suit seeking to remove liens from real property was by its nature a suit to quiet title).

## IV.  CONCLUSION

¶ 25  For all the foregoing reasons, Plaintiffs are entitled to summary judgment as to Defendants' Counterclaim for attorney's fees.

¶ 26  Accordingly, Plaintiffs' Motion for Summary Judgment on Defendants' Counterclaim for Attorney's Fees is **GRANTED**. Defendants are precluded from recovering attorney's fees, expenses, expert fees, expenses, or costs in connection with Counterclaim ¶ 32(i)–(iii).

It is SO ORDERED.

BRIAN STAGNER
Judge of the Texas Business Court,
Eighth Division

DATED: November 14, 2025